IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10700
Conference Calendar
_____


GARY L. KARL, SR.,

                                        Plaintiff-Appellant,

versus

ANDY COLLINS, TDCJ-ID Director,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:93-CV-35
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Gary L. Karl, Sr., contends that the district court
improperly dismissed his complaint which asserted that Karl had a
liberty interest in refusing to accept an integrated-cell
assignment, and that he received an improper disciplinary write-
up for said refusal.  He focuses on the language of prison
Administrative Directive 04.20 (AD-4.20) which states, inter
alia, that "[u]nder no circumstances will an inmate be assigned

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

to the same cell with another inmate when such assignment would constitute a clear danger to safety, security, control, treatment, and rehabilitation."  AD-4.20, p. 8, VI.B.2. (rev. 1) (July 19, 1991).  His contention is tantamount to an assertion that integrated-cell assignments constitute <u>de facto</u> violations of AD-4.20.

A general policy of racial integration of prison cells is constitutionally mandated because racial segregation in such situations is violative of the Equal Protection Clause of the Fourteenth Amendment.  <u>Williams v. Treen</u>, 671 F.2d 892, 902 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1126 (1983).  An exception exists which allows prison officials, when making housing assignments, "`to take into account racial tensions in maintaining security, discipline, and good order in prison and jails'."  <u>Sockwell v. Phelps</u>, 20 F.3d 187, 191 (5th Cir. 1994) (quoting <u>Lee v. Washington</u>, 390 U.S. 333, 334 (1968) (Black, J., concurring)).  "A generalized or vague fear of racial violence is not a sufficient justification for a broad policy of racial segregation."  <u>Sockwell</u>, 20 F.3d at 191.  Racial segregation with regard to prison housing assignments is appropriate only when specific facts indicate that segregation is required to avoid a particular instance of racial violence.  <u>Id</u>.

Karl has failed to allege specific instances of racial violence which would require segregated housing assignments in his case.  His argument regarding the propriety of receiving a disciplinary write-up is based on his erroneous reading of AD-4.20, which he contends requires that housing assignments be made

upon **racial** objective criteria.  Actually, AD-4.20 requires housing assignments to be made on the basis of "rational, objective criteria."  AD-4.20, p. 1, (rev. 1) (July 19, 1991). Because prison rules require integrated housing except upon a particular showing of the likelihood of racial violence, it is axiomatic that prison officials can properly impose disciplinary sanctions on inmates who fail to follow said regulations.

Karl's contention is frivolous and without an arguable legal or factual basis; the district court did not abuse its discretion by dismissing this matter under 28 U.S.C. § 1915(d).  See Denton v. Hernandez, 504 U.S. 25, 31-33 (1992).

AFFIRMED.